# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jason B.,**
**Petitioner Below, Petitioner**

**vs)   No. 17-0400** (Mingo County 16-C-90)

**Karen Pszczolkowski, Warden,**
**Northern Correctional Center,**
**Respondent Below, Respondent**

**FILED**

**April 20, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jason B.,[1] pro se, appeals the March 30, 2017, order of the Circuit Court of Mingo County denying his petition for writ of habeas corpus. Respondent Karen Pszczolkowski, Warden, Northern Correctional Center, by counsel Sarah B. Massey[2], filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2004, petitioner was the twenty-three year old boyfriend of a woman who had two twelve-year-old daughters. In 2005, a Mingo County grand jury indicted petitioner on sixteen counts of sexual abuse by a parent, guardian, or custodian pursuant to West Virginia Code § 61-8D-5 and sixteen counts of third-degree sexual assault pursuant to West Virginia Code §

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2] This Court notes that although Sarah Massey filed a response brief on behalf of the State of West Virginia, the State is no longer represented by Ms. Massey in this matter. The State is now represented by Robert L. Hogan, Deputy Attorney General.

61-8B-5 involving his girlfriend's minor daughters. The sexual acts at issue occurred from March to October of 2004 during which time one of the victims became pregnant.

On December 1, 2005, petitioner and the State entered into a plea agreement. Petitioner agreed to plead guilty to one count of sexual abuse by a parent, guardian, or custodian and one count of third-degree sexual assault with regard to each victim. In exchange for the guilty pleas, the State agreed to dismiss the remaining twenty-eight counts of the indictment. The plea agreement provided that the State would recommend the statutory sentence of ten to twenty years of incarceration for each count of sexual abuse by a parent, guardian, or custodian and the statutory sentence of one to five years of incarceration for each count of third-degree sexual assault. Finally, the plea agreement provided that the State would recommend that the sentences for sexual abuse by a parent, guardian, or custodian run concurrently to each other and that the sentences for third-degree sexual assault would run consecutively to each other and consecutively to the sentences for sexual abuse by a parent, guardian, or custodian.

On December 1, 2005, the circuit court held a plea hearing and read the plea agreement to petitioner including the provision that the "sentencing recommendation is not binding upon the [c]ourt." When asked by the court, petitioner testified that he understood that sentencing was "in the discretion of the [c]ourt." Petitioner confirmed that he was not promised anything that was "not written down in black and white in this plea[ ] agreement." Petitioner pled guilty to one count of sexual abuse by a parent, guardian, or custodian and one count of third-degree sexual assault with regard to each victim. Petitioner provided the factual basis for his pleas by testifying that he had sexual intercourse with the first victim and that he engaged in "sexual contact" with the second victim. Upon questioning by the court, petitioner explained that he believed that he was guilty of each of the four counts to which he was pleading guilty, but that drug use left him unable to remember his specific acts when he committed sexual abuse by a parent, guardian, or custodian and third-degree sexual assault against the second victim.[3] The circuit court cautioned petitioner that he could go to trial and "explain the facts as it relates to [the second victim]." Petitioner confirmed to the court that he wanted it to accept his pleas with regard to each victim. Accordingly, the circuit court accepted petitioner's guilty pleas including the two pleas involving the second victim.

Following a January 9, 2006, sentencing hearing, the circuit court sentenced petitioner to ten to twenty years of incarceration for each count of sexual abuse by a parent, guardian, or custodian, and to one to five years of incarceration for each count of third-degree sexual assault. The circuit court ordered petitioner to serve his sentences consecutively and denied his request for probation and alternative sentencing. Petitioner did not appeal his convictions or sentences.

---

[3]Pursuant to West Virginia Code § 61-8D-5(a), a person commits sexual abuse by a parent, guardian, or custodian by engaging in sexual intercourse, sexual intrusion, or sexual conduct with a child under his care, custody, or control. West Virginia Code § 61-8B-5(a)(2) provides that third-degree sexual assault is committed by either sexual intercourse or sexual intrusion.

2

On August 6, 2010, petitioner filed a petition for writ of habeas corpus alleging multiple grounds for relief as set forth on the checklist of grounds for post-conviction habeas corpus relief.[4] The circuit court appointed an attorney to represent petitioner who filed an amended habeas petition. On August 13, 2012, the circuit court heard petitioner's testimony at an evidentiary hearing. Petitioner testified that his trial attorney and the State "ambushed" him with a different plea agreement than the one that he originally signed. According to petitioner, the original plea agreement was a "C-type" agreement that required the circuit court to impose the parties' sentencing recommendation pursuant to which the sentences for sexual abuse by a parent, guardian, or custodian would be served concurrently to each other.[5] Petitioner testified that, shortly before the plea hearing, his trial attorney produced a new "B-type" plea agreement for him to sign that left the circuit court free to impose consecutive sentences for each conviction.[6] Petitioner testified that he would not have pled guilty if he realized that there was no guarantee of at least some concurrent sentencing. Petitioner explained that, while he did have sexual intercourse with the first victim who became pregnant, he did not have sexual intercourse with the second victim.

On cross-examination, respondent's attorney questioned petitioner as to whether his testimony at the habeas hearing meant that he committed perjury at the plea hearing. Petitioner's attorney objected. But the circuit court overruled the objection, finding that petitioner had denied the accuracy of the plea hearing transcript. Respondent's attorney again asked if petitioner lied at the plea hearing. Petitioner responded that he pled guilty to charges involving both victims "just to get [his] plea." Consistent with petitioner's testimony at the habeas hearing, his attorney requested permission to continue the hearing and to subpoena the second victim with whom petitioner stated that he did not have sexual intercourse. Petitioner's attorney explained that she did not feel it appropriate to subpoena the second victim without the court's approval. The circuit court rejected

---

[4]In *Losh v. McKenzie*, 166 W.Va. 762, 768-70, 277 S.E.2d 606, 611-12 (1981), we compiled a non-exclusive list of potential grounds that a circuit court should address with a habeas petitioner as to whether each ground was being either waived or raised in the proceeding.

[5]A plea agreement entered into pursuant to Rule 11(e)(1)(C) of the West Virginia Rules of Criminal Procedure is known as a "C-type" agreement and is binding on the circuit court in that, if the court accepts a "C-type" agreement, it must impose the sentence that the agreement states is the appropriate disposition of the case. *See State v. Allman*, 234 W.Va. 435, 437-38, 765 S.E.2d 591, 593-94 (2014) (citing *State ex rel. Forbes v. Kaufman*, 185 W.Va. 72, 76, 404 S.E.2d 763, 767 (1991)).

[6]An agreement by the State to make a sentence recommendation comes under Rule 11(e)(1)(B) and is known as a "B-type" agreement. *Allman*, 234 W.Va. at 437, 765 S.E.2d at 593. Rule 11(e)(2) provides that a "B-type" agreement is not binding on the circuit court and that, if the sentence recommendation is rejected, "the defendant nevertheless has no right to withdraw the plea." *See also Allman*, 234 W.Va. at 437-38, 765 S.E.2d at 593-94 (same).

the request to subpoena the second victim, finding that petitioner testified that he had "no idea" that the victim would "say anything that is relevant."[7]

By order entered January 18, 2013, the circuit court rejected twenty-seven grounds of relief (including ineffective assistance of trial counsel and the voluntariness of his guilty pleas) and denied habeas relief. Petitioner filed a motion for reconsideration of the January 18, 2013, order. Also, some confusion existed as to whether petitioner's attorney was appointed to represent him in any appeal from the denial of habeas relief. By letter dated February 7, 2013, the circuit court clarified the matter by stating that petitioner's habeas attorney shall represent him should he choose to appeal. On May 28, 2013, petitioner's habeas attorney filed an appeal following the denial of the motion for reconsideration on April 26, 2013.

In *[Jason B.] v. Seifert*, No. 13-0558, 2014 WL 629356, at *3 (W.Va. February 18, 2014),[8] we affirmed the denial of habeas relief. We found that, though petitioner argued on appeal that he lacked mental competency regarding his conduct with the second victim, he conceded that "he had sexual contact with [that] victim." *Id.* As reflected in the January 18, 2013, order, which we incorporated into our decision,[9] petitioner testified at the plea hearing that he was guilty of offenses regarding each victim and that he understood that sentencing was in the circuit court's discretion.

On March 13, 2016, petitioner filed a second habeas petition, alleging that his habeas attorney provided ineffective assistance by (1) failing to subpoena the second victim to testify that petitioner did not have sex with her; (2) failing to obtain the victims' medical records which would have established petitioner's "actual innocence"; (3) failing to retain a medical expert with experience in sexual assault cases; (4) failing to retain a legal expert in the area of ineffective assistance of counsel; (5) inadequately developing his claim that he believed that his sentences would run concurrently; and (6) denying that she was responsible for filing the appeal from the denial of habeas relief prior to the circuit court's letter clarifying the matter. By order entered March 30, 2017, the circuit court again denied habeas relief, finding that "the petition, exhibit(s), record(s)[,] and other documentary evidence in [petitioner's criminal and first habeas cases] demonstrate that [petitioner] is entitled to no relief."

Petitioner now appeals the circuit court's March 30, 2017, order. We apply the following standard of review in habeas appeals:

---

[7]On appeal, petitioner references a notarized statement allegedly by the second victim. Respondent counters that petitioner fails to include any such statement in his appendix. We agree with respondent and disregard petitioner's reference to a document not in the appellate record pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure.

[8]We take judicial notice of the appellate record in *[Jason B.]*.

[9]*See Id.*

4

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W.Va. 411, 787 S.E.2d 864 (2016). "A prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing." Syl. Pt. 4, in part, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

On appeal, petitioner raises the following issues: (1) the circuit court judge who denied the instant habeas petition should have been disqualified from this case because of a conflict of interest; (2) his trial counsel provided ineffective assistance and committed fraud; (3) the circuit court breached a binding "C type" plea agreement; (4) he was convicted and sentenced under the wrong statutes; and (5) his habeas attorney provided ineffective assistance. Respondent counters that petitioner's claim that his attorney in the first habeas proceeding was ineffective lacks merit and that we need not address the other issues. We agree with respondent.

With regard to the alleged necessity of the circuit court's disqualification, we note that petitioner neither states that he filed a motion pursuant to West Virginia Trial Court Rule 17 which governs the disqualification of judges nor includes such a motion in his appendix. Therefore, we decline to address this issue pursuant to Rule 10(c)(7) of the Rules of Appellate Procedure which provides that we "may disregard errors that are not adequately supported by specific references to the record on appeal." *See State v. LaRock*, 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996) (stating that insufficiently briefed issues will not be considered).

We find that the next three issues were adjudicated and/or waived in petitioner's first habeas proceeding. In that proceeding, the circuit court rejected petitioner's dubious testimony at the habeas hearing that his trial attorney and the State "ambushed" him with a plea agreement that did not require the court to impose the parties' sentencing recommendation. The circuit court found that it read the plea agreement to petitioner, including the provision that the "sentencing recommendation is not binding upon the [c]ourt," and that petitioner understood that sentencing was "in the discretion of the [c]ourt." The circuit court further rejected various claims based on the applicable statutes including that petitioner's sentences exceeded statutory limits. Therefore, we conclude that the claims that trial counsel provided ineffective assistance and committed fraud, that the circuit court breached a binding plea agreement, and that petitioner was convicted and sentenced under the wrong statutes are barred by the doctrine of res judicata pursuant to syllabus point four of *Losh*.

With regard to the claim that petitioner's attorney in the first habeas proceeding provided ineffective assistance, we note that such claims are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the following: (1) counsel's

performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995) (adopting *Strickland*). Here, the habeas attorney sought the circuit court's permission to subpoena the second victim and also represented petitioner in his appeal from the denial of relief. The circuit court's denial of permission and the failure of petitioner's prior habeas appeal does not mean that counsel was ineffective. Upon our review of the habeas hearing transcript, petitioner placed his attorney in a difficult position because he denied the accuracy of the plea hearing transcript. As the trier of fact, the circuit court was free to find that petitioner's testimony at the habeas hearing was the less credible testimony given the record made when he entered his guilty pleas. *State v. Guthrie*, 194 W.Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) (finding that "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact"). Based on our review of the record, we find that nothing that habeas counsel did or failed to do changed the result of that proceeding. Therefore, we conclude that the circuit court did not abuse its discretion in denying the instant habeas petition.

For the foregoing reasons, we affirm the circuit court's March 30, 2017, order denying the instant petition for writ of habeas corpus.

Affirmed.

**ISSUED**: April 20, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker